**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1. EASTERN SHAWNEE TRIBE OF OKLAHOMA, | ) ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. <u>11-CV-675-CVE-TLW</u> |
| | ) | |
| 1. JON D. DOUTHITT, Magistrate Judge of the Court of Indian Offenses, Miami, Oklahoma, in his Official and Individual Capacities; and | ) ) ) ) | |
| 2. the COURT OF INDIAN OFFENSES FOR THE EASTERN SHAWNEE TRIBE OF OKLAHOMA | ) ) ) | |
| **Defendants,** | ) | |

## COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF

Plaintiff Eastern Shawnee Tribe of Oklahoma, a federally recognized Indian tribe,

complains of an actual controversy with Defendants Magistrate Judge Jon D. Douthitt and the

Court of Indian Offenses for the Eastern Shawnee Tribe of Oklahoma over the interpretation and

implementation of federal laws and regulations, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.       The Plaintiff is the Eastern Shawnee Tribe of Oklahoma ("**Eastern Shawnee**

**Tribe**" or "**Tribe**"), a federally recognized Indian tribe.  75 Fed. Reg. 60810, 60811 (October 1,

2010).  The Eastern Shawnee Tribe, a sovereign under the protection of the laws, jurisdiction,

and government of the United States of America, is governed by a constitution ("**EST Const.**" in

citation, "**Tribe's Constitution**" or "**Constitution**" in text) originally adopted on March 2, 1999,

pursuant to the tribe's inherent sovereign authority.[1]  **Exhibit A.**  The Tribe's headquarters are

---

[1] This 1994 Constitution supersedes and replaces a Constitution and Bylaws adopted by the Tribe
in 1939.  <u>See</u> EST Const. Preamble.  Since its enactment, the Tribe's Constitution has been

located in West Seneca, Ottawa County, Oklahoma, on property held by the United States in trust for the Tribe.  The Eastern Shawnee Tribe, its offices and its property are within the service area of the Miami Agency and the Eastern Oklahoma Regional Office ("**EORO**") of the Bureau of Indian Affairs ("**BIA**"), United States Department of Interior ("**DOI**" or "**Interior**").  <u>See</u> http://www.bia.gov/WhoWeAre/RegionalOffices/EasternOklahoma/WeAre/Miami/index.htm.

2.      Defendant Jon D. Douthitt ("**Judge Douthitt**") is a Magistrate of the Court of Indian Offenses for the BIA EORO Miami Agency, which is located in Miami, Oklahoma.  Judge Douthitt is being sued in his official and individual capacities.

3.      The Court of Indian Offenses for the BIA EORO Miami Agency is established and operated by the DOI pursuant to 5 U.S.C. § 301, 25 U.S.C. § 2, 25 U.S.C. § 9, 25 U.S.C. § 13, 25 U.S.C. § 200, and must operate in accordance with 25 C.F.R. Part 11.

4.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to determine an actual controversy between the parties.  Because the plaintiff's cause of action arises under the laws and regulations of the United States, specifically 25 C.F.R. Part 11, this Court has original jurisdiction under the authority of 28 U.S.C. § 1331 (federal question), § 1346 (United States as defendant), and § 1362 (Indian tribe as plaintiff).

5.      Venue properly lies in the Northern District of Oklahoma under 28 U.S.C. § 1391(b)(2) because the a substantial part of the events giving rise to this claim occurred within this judicial district.

### FACTS

6.      Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1 through 5 of this Complaint.

---

amended once, in 1999, to clarify the grounds for recall of elected officials.  <u>See</u> EST Const. art. XIII, § 2(F) n.1.

7.      The United States Department of the Interior ("**DOI**" or "**Interior**") has established a system of Courts of Indian Offenses nationwide to provide judicial services to Indian tribes that have not established their own judicial systems.  The Courts of Indian Offenses were established by federal regulations set forth in 25 C.F.R. Part 11 (and, thus, are also known as "**CFR Courts**").  Interior has cited the following statutes as authority for the establishment of these courts, although none of these laws specifically authorize establishment of such courts:  5 U.S.C. § 301, 25 U.S.C. § 2, 25 U.S.C. § 9, 25 U.S.C. § 13, and 25 U.S.C. § 200.  See 25 C.F.R. Part 11, "Authority."

8.      The CFR Court of the Miami Agency acts as a tribal court for those Oklahoma tribes listed in 25 C.F.R. § 11.100(c) that are within the service area of the EORO Miami Agency, and exercises criminal jurisdiction and civil jurisdiction, subject to those limitations set forth in 25 C.F.R. §§ 11.106, 11.114, 11.116, and 11.118.

9.      The Eastern Shawnee Tribe is among the tribes served by the CFR Court of the Miami Agency.  25 C.F.R. § 11.100(c)(3).

10.     The Eastern Shawnee Tribe Court of Indian Offenses ("**EST CFR Court**") is designated in the Tribe's Constitution as the appropriate forum for disputes involving members of the Tribe, until such time as the Tribe creates its own Courts.  Exhibit A, EST Const. art. X.

11.     The Tribe's Constitution defines the jurisdiction of the EST CFR Court as such: "The jurisdiction of the Court of Indian Offenses shall include, but not be limited to, criminal and civil jurisdiction, including settlement of tribal disputes and interpretation of this Constitution and tribal enactments."  Exhibit A, EST Const. art. X, § 1.

12.     Nothing in the Tribe's Constitution waives the Tribe's sovereign immunity.

13.     The federal regulations that create and govern the CFR Courts expressly prohibit the CFR Courts from exercising jurisdiction over any suit against a tribe unless that tribe's governing body "explicitly waives" the tribe's sovereign immunity in the form of a resolution or ordinance.  25 C.F.R. § 118(d).

14.     This regulation is consistent with the requirement in federal case law that "a waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  Native American Distrib. v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288, 1293 (10th Cir. 2008) (quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978)).

15.     The federal regulations that create and govern the CFR Courts also expressly prohibit the CFR Courts from adjudicating any election dispute or other internal tribal government dispute without clear authorization from the appropriate tribe in the form of a resolution, ordinance, or referendum.  25 C.F.R. § 11.118(b).

16.     The Tribe's Constitution, Article XIV, Section 1, authorizes popular participation by means of initiative and referendum, both of which have been used by the Tribe's members. Exhibit A.

17.     On June 14, 2008, the Tribe's voters, pursuant to Article XIV, Section 1, by a vote of 216 in favor and 156 opposed, approved an initiative ("**2008 Initiative**") that changed a long-established practice by barring the Tribe's elected officials from receiving compensation for work in any other tribal government position.[2]  **Exhibit B.**

18.     During the January 16, 2009, special meeting of the Eastern Shawnee Tribe Business Committee ("**Business Committee**"), the Secretary certified a petition, pursuant to

---

[2] The 2008 Initiative reads: "No elected official shall receive any compensation from the Eastern Shawnee Tribe of Oklahoma for services provided by said elected official in any capacity other than their elected office."

Article XIV, Section 2, calling for a referendum that would effectively overturn the 2008 Initiative.[3]  Accordingly, a referendum election was scheduled for March 21, 2009 ("**2009 Referendum**").

19.      In that March 21, 2009, referendum election, the Tribe's voters approved the 2009 Referendum by a vote of 332 in favor, 154 against, and the Tribe's Election Board certified the results of the 2009 Referendum.  **Exhibit C.**

20.      On or about May 7, 2009, Charles Enyart and six other individuals ("**Enyart Plaintiffs**"), all of whom are members of the Tribe, filed a complaint in the EST CFR Court, alleging procedural irregularities in the January 26, 2009, special meeting of the Business Committee, and asking the EST CFR Court to strike down the 2009 Referendum.  The complaint was titled Enyart v. Wallace.  **Exhibit D**.

21.      On or about May 7, 2009, Judge Douthitt, acting in his capacity as Magistrate Judge on the EST CFR Court, took jurisdiction over Enyart v. Wallace.

22.      Because the Tribe's legislative body is named as the defendant, the Enyart Plaintiffs' complaint is a suit against a tribe and is governed by 25 C.F.R. § 11.118(d). Therefore, the EST CFR Court cannot take jurisdiction over the complaint without an explicit waiver of tribal sovereign immunity in the form of a resolution or ordinance.

23.      The Tribe has never waived its sovereign immunity for purposes of this lawsuit. Neither Defendants, nor the Enyart Plaintiffs can point to any such waiver.

24.      Because it asks the EST CFR Court to adjudicate an election dispute, and because it asks the EST CFR Court to adjudicate an internal tribal government dispute, the Enyart

---

[3] The 2009 Referendum resolution reads: "Tribal employees who are tribal members and who are elected to a tribal office shall retain their employment, compensation and benefits with the Tribe while they serve in their elected positions."

Plaintiffs' complaint is governed by 25 C.F.R. § 11.118(b).  Therefore, the EST CFR Court

cannot take jurisdiction without authorization from the Tribe in the form of a resolution,

ordinance, or referendum.

25.     The Business Committee repeatedly argued in its defense that Judge Douthitt and

the EST CFR Court lacked jurisdiction under 25 C.F.R. § 11.118(d), because the Tribe had not

waived its sovereign immunity, and 25 C.F.R. § 11.118(b), because the Tribe had not authorized

the EST CFR Court to adjudicate election disputes or other internal tribal government disputes.

**Exhibit E**.  However, Judge Douthitt continued, and still continues, to exercise jurisdiction.

26.     On April 28, 2011, Defendant Judge Douthitt issued his "Order of the Court" in

Enyart v. Wallace, No. CIV-2009-M05. The order states that "[t]he Court has jurisdiction of the

parties and the subject-matter herein," without reference to 25 C.F.R. § 11.118(d) (sovereign

immunity) or 25 C.F.R. § 11.118(b) (election disputes and internal tribal government disputes),

and without citation to any resolution, ordinance, or referendum from the Eastern Shawnee Tribe

authorizing such jurisdiction.  **Exhibit F**.

27.     The April 28, 2011, Order, at 2, violates the Eastern Shawnee Tribe's sovereign

immunity, and violates 25 C.F.R. § 11.118(d), by ordering any Business Committee member

who is also employed by the Tribe to surrender either his Business Committee position or his

employment.  Exhibit F.

28.     The April 28, 2011, Order, at 2, violates the Eastern Shawnee Tribe's sovereign

immunity, and violates 25 C.F.R. § 11.118(d), by ordering Second Chief Jack Ross and

Treasurer Chris Samples[4] to pay sanctions in the amount of three-hundred-fifty dollars ($350). The Order contains no explanation of these sanctions.  Exhibit F.

29.     The April 28, 2011, Order, at 2, violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by ordering the Business Committee to pay the attorneys' fees of both the Enyart Plaintiffs and of Chief Glenna Wallace.  Chief Wallace was a co-defendant in the lawsuit.  The order contains no explanation of this requirement.  Exhibit F.

30.     The April 28, 2011, Order, at 2, adjudicates an election dispute, in violation of 25 C.F.R. § 11.118(b), by declaring that the 2009 Referendum is null and void.  Exhibit F.

31.     On May 12, 2011, following the Eastern Shawnee Tribe's motion for rehearing, Defendant Judge Douthitt issued his "Court Minute" in Enyart v. Wallace, No. CIV-2009-M05. **Exhibit G.**  The order reaffirms Judge Douthitt's finding of jurisdiction without explanation.

32.     The May 12, 2011, Order violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by ordering the suspension of all compensation of any kind to Business Committee members Second Chief Jack Ross, Treasurer Chris Samples, and Member R.C. Kissee.  Exhibit G.

33.     The May 12, 2011, Order violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by "specifically empower[ing]" Chief Glenna Wallace to enforce the order suspending compensation of said Business Committee members. Exhibit G.

34.     On May 16, 2011, Defendant Judge Douthitt issued his "Amended Order" in Enyart v. Wallace, No. CIV-2009-M05.  **Exhibit H.**  The order reaffirms Judge Douthitt's finding of jurisdiction without explanation.

---

[4] Chris Samples resigned his position of Treasurer of the Eastern Shawnee Tribe on or about September 22, 2011.

35.     The May 16, 2011, Order violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by terminating the employment of any Business Committee member who holds a compensated or non-compensated position with the Tribe. Exhibit H.

36.      The May 16, 2011, Order violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by "specifically empower[ing]" Chief Glenna Wallace to enforce the order against said Business Committee members.  Exhibit H.

37.     On June 30, 2011, an appellate panel of the EST CFR Court stayed all three Orders issued by Judge Douthitt, and requested briefs and oral arguments on the appeal.  **Exhibit I**.  Oral arguments were made before the appellate panel on August 5, 2011.

38.     On September 13, 2011, the appellate panel issued its "Memorandum Opinion" in the case, which it had renamed Enyart v. Business Committee of the Eastern Shawnee Tribe of Oklahoma, No. CIV-11-M01P (hereinafter Enyart v. Business Committee).  **Exhibit J**.

39.     The September 13, 2011, Memorandum Opinion, at 3-7, affirmed Judge Douthitt's finding of jurisdiction, specifically 1) that a grant of jurisdiction is sufficient to serve as a waiver of tribal sovereign immunity; and 2) that the EST Constitution's grant of jurisdiction over "tribal disputes" encompasses "internal tribal government disputes" and is sufficient to meet the requirements of 25 C.F.R. § 11.118(b).  Exhibit J.

40.     The September 13, 2011, Memorandum Opinion, at 8, violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by effectively requiring that the Business Committee provide ten (10) days notice and provide a detailed agenda for special meetings, despite the fact that no such requirement appears in the Tribe's

Constitution, Article XVI, Section 5, which governs special meetings of the Business Committee. Exhibit J.

41.     The September 13, 2011, Memorandum Opinion, at 9-10, violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by effectively requiring the Business Committee to count abstentions from Business Committee votes as "no" votes, disregarding standard rules of parliamentary procedure that abstentions count neither "yes" nor "no." Exhibit J.

42.     The September 13, 2011, Memorandum Opinion, at 10-11, violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by remanding certain questions to the EST CFR Court and Judge Douthitt, thereby extending Defendants' illegal exercise of jurisdiction over the Tribe. Exhibit J.

43.     The September 13, 2011, Memorandum Opinion, at 8, adjudicates an election dispute, and violates 25 C.F.R. § 11.118(b), by declaring the 2009 Referendum null and void. Exhibit J.

## FIRST CAUSE OF ACTION
## DECLARATORY RELIEF
## SOVEREIGN IMMUNITY

44.     Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1-43 of this Complaint.

45.     An actual controversy exists between the parties regarding the assumption of jurisdiction by Defendants Judge Douthitt and the EST CFR Court, over whether the Eastern Shawnee Tribe has waived its sovereign immunity to this suit in accordance with 25 C.F.R. § 11.118(d).

46.     Defendants Judge Douthitt and the EST CFR Court acted outside the scope of their authority by exercising jurisdiction over a suit against the Eastern Shawnee Tribe to which the Tribe had not made an explicit waiver of sovereign immunity in the form of a resolution or ordinance, as required by 25 C.F.R. § 11.118(d).

47.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in the case of Enyart v. Wallace over the Eastern Shawnee Tribe, which has not waived its sovereign immunity from such a suit.  Therefore, Defendants' April 28, 2011, "Order of the Court" is null and void.

48.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in the case of Enyart v. Wallace over the Eastern Shawnee Tribe, which has not waived its sovereign immunity from such a suit.  Therefore, Defendants' May 12, 2011, "Court Minute" is null and void.

49.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in the case of Enyart v. Wallace over the Eastern Shawnee Tribe, which has not waived its sovereign immunity from such a suit.  Therefore, Defendants' April May 16, 2011, "Amended Order" is null and void.

50.     Federal regulations prohibit Defendant EST CFR Court appellate panel from exercising jurisdiction in the case of Enyart v. Business Committee over the Eastern Shawnee Tribe, which has not waived its sovereign immunity from such a suit.  Therefore, Defendants' September 13, 2011, "Memorandum Opinion" is null and void.

51.     Plaintiff Eastern Shawnee Tribe is entitled to a declaratory judgment that Defendants Judge Douthitt and the EST CFR Court lack jurisdiction over any suit against the

Tribe unless and until the Tribe explicitly waives its immunity to such suit by means of a resolution or ordinance, as required by 25 C.F.R. § 11.118(d).

**SECOND CAUSE OF ACTION**
**INJUNCTIVE RELIEF**
**SOVEREIGN IMMUNITY**

52.     Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1-43 of this Complaint.

53.     On information and belief, absent injunctive relief from this Court, Defendants Judge Douthitt and the EST CFR Court intend to proceed with <u>Enyart v. Business Committee</u> as remanded by the EST CFR Court's appellate panel, in derogation of the Eastern Shawnee Tribe's sovereign immunity, and in violation of 25 C.F.R. § 11.118(d), causing irreparable harm to the Tribe.  Defendants' exercise of jurisdiction irreparably harms the Tribe by interfering with the Tribe's political affairs, and by invading and threatening to further degrade the Tribal fisc.

54.     Plaintiff Eastern Shawnee Tribe has no adequate remedy at law, because monetary damages against Defendants Judge Douthitt and the EST CFR Court would not cure the irreparable harm to the Tribe's sovereign authority and immunity, and because actions for such relief are precluded by judicial immunity.

55.     The requested injunctive relief merely requires the Defendants not to exceed the limits of their authority as proscribed by federal regulations.  Therefore, the harm that the Eastern Shawnee Tribe will suffer if this Court does not grant the requested injunctive relief outweighs any harm that Defendants Judge Douthitt and the EST CFR Court might suffer as a result of said injunctive relief.

56.    All three branches of the federal government have repeatedly affirmed that protection of tribal sovereign authority and tribal immunity are in the public interest.  Therefore, the injunctive relief requested by the Eastern Shawnee Tribe is not adverse to the public interest.

57.    Plaintiff Eastern Shawnee Tribe has a substantial likelihood of success on the merits against Defendants Judge Douthitt and the EST CFR Court.

**THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF**
**ADJUDICATION OF ELECTION DISPUTE or INTERNAL TRIBAL GOVERNMENT**
**DISPUTE IN DEROGATION OF 25 C.F.R. § 11.118(b)**

58.    Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1-43 of this Complaint.

59.    An actual controversy exists between the parties regarding the assumption of jurisdiction by Defendants Judge Douthitt and the EST CFR Court over this election dispute and internal tribal government dispute, without authorization from the Eastern Shawnee Tribe, in derogation of 25 C.F.R. § 11.118(b).

60.    Defendants Judge Douthitt and the EST CFR Court acted outside the scope of their authority by exercising jurisdiction over this election dispute and internal tribal government dispute without authorization from the Eastern Shawnee Tribe in the form of a resolution, ordinance, or referendum, in direct violation of 25 C.F.R. § 11.118(b).

61.    Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in <u>Enyart v. Wallace</u> over the Eastern Shawnee Tribe, which has not authorized its CFR Court to adjudicate election disputes or internal tribal government disputes. Therefore, Defendants' April 28, 2011, "Order of the Court" is null and void.

62.    Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in <u>Enyart v. Wallace</u> over the Eastern Shawnee Tribe, which has not

authorized its CFR Court to adjudicate election disputes or internal tribal government disputes. Therefore, Defendants' May 12, 2011, "Court Minute" is null and void.

63.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in Enyart v. Wallace over the Eastern Shawnee Tribe, which has not authorized its CFR Court to adjudicate election disputes or internal tribal government disputes. Therefore, Defendants' May 16, 2011, "Amended Order" is null and void.

64.     Federal regulations prohibit Defendant EST CFR Court appellate panel from exercising jurisdiction in Enyart v. Business Committee over the Eastern Shawnee Tribe, which has not authorized its CFR Court to adjudicate election disputes or internal tribal government disputes.  Therefore, Defendants' September 13, 2011, "Memorandum Opinion" is null and void.

65.     Plaintiff Eastern Shawnee Tribe is entitled to a declaratory judgment that Defendants Judge Douthitt and the EST CFR Court are not in compliance with federal regulations and lack jurisdiction over any election dispute or internal tribal government dispute unless and until the Tribe authorizes such jurisdiction by means of a resolution, ordinance, or referendum, as required by 25 C.F.R. § 11.118(b).

**FOURTH CAUSE OF ACTION**
**INJUNCTIVE RELIEF**
**ADJUDICATION OF ELECTION DISPUTE or INTERNAL TRIBAL GOVERNMENT**
**DISPUTE IN DEROGATION OF 25 C.F.R. § 11.118(b)**

66.     Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1-43 of this Complaint.

67.     On information and belief, absent injunctive relief from this Court, Defendants Judge Douthitt and the EST CFR Court intend to proceed with Enyart v. Business Committee as remanded by the EST CFR Court's appellate panel.  Such action will result in continued judicial

interference with the sovereign governance of the Eastern Shawnee Tribe, in violation of 25 C.F.R. § 11.118(b).

68.     Plaintiff Eastern Shawnee Tribe has no adequate remedy at law, because monetary damages against Defendants Judge Douthitt and the EST CFR Court would not cure the irreparable harm to the Tribe's sovereign political authority, and because actions for such relief are precluded by judicial immunity.  Defendants' exercise of jurisdiction irreparably harms the Tribe by interfering with the Tribe's political affairs.

69.     The requested injunctive relief merely requires the Defendants not to exceed the limits of their authority as proscribed by federal regulations.  Therefore, the harm that the Eastern Shawnee Tribe will suffer if this Court does not grant the requested injunctive relief outweighs any harm that Defendants Judge Douthitt and the EST CFR Court might suffer as a result of said injunctive relief.

70.     All three branches of the federal government have repeatedly affirmed that protection of tribal sovereign authority and tribal immunity are in the public interest.  Therefore, the injunctive relief requested by the Eastern Shawnee Tribe is not adverse to the public interest.

71.     Plaintiff Eastern Shawnee Tribe has a substantial likelihood of success on the merits against Defendants Judge Douthitt and the EST CFR Court.

WHEREFORE, plaintiff Eastern Shawnee Tribe prays for judgment in its favor, and against Defendants Judge Douthitt and the EST CFR Court, as follows:

(1)     Declaratory judgment that Defendants the Eastern Shawnee Tribe Court of Indian Offenses and Judge Douthitt have no jurisdiction over the complaint in Enyart v. Wallace, renamed by the appellate panel Enyart v. Business Committee, because the governing body of the Eastern Shawnee Tribe has not provided an explicit

waiver of tribal sovereign immunity in the form of a resolution or ordinance, as required by 25 C.F.R. § 11.118(d); <u>and</u> that all orders issued by Defendants Judge Douthitt and the Eastern Shawnee Tribe Court of Indian Offenses, including the Eastern Shawnee Tribe Court of Indian Appeals, regarding such matters are void.

(2)     Injunction prohibiting Defendants Judge Douthitt and the Eastern Shawnee Tribe Court of Indian Offenses, including appellate panels thereof, from exercising jurisdiction over <u>Enyart v. Wallace</u>, renamed by the appellate panel <u>Enyart v. Business Committee,</u> unless and until the Eastern Shawnee Tribe authorizes such jurisdiction by means of a resolution or ordinance, as required by 25 C.F.R. § 11.118(d).

(3)     Declaratory judgment that Defendants the Eastern Shawnee Tribe Court of Indian Offenses and Judge Douthitt have no jurisdiction over the election dispute and the internal tribal government dispute contained within the complaint in <u>Enyart v. Wallace</u>, renamed by the appellate panel <u>Enyart v. Business Committee</u>, because the Eastern Shawnee Tribe has not authorized such jurisdiction in the form of a resolution, ordinance, or referendum, as required by 25 C.F.R. § 11.118(b); <u>and</u> that all orders issued by Defendants Judge Douthitt and the Eastern Shawnee Tribe Court of Indian Offenses, including the Eastern Shawnee Tribe Court of Indian Appeals, regarding such matters are void.

(4)     Injunction prohibiting Defendants Judge Douthitt and the Eastern Shawnee Tribe Court of Indian Offenses, including appellate panels thereof, from exercising jurisdiction over the Eastern Shawnee Tribe <u>Enyart v. Wallace</u>, renamed by the appellate panel <u>Enyart v. Business Committee</u>, or any other election dispute or

internal tribal government dispute, unless and until the Tribe authorizes such

jurisdiction in the form of a resolution, ordinance, or referendum, as required by

25 C.F.R. § 11.118(b); and,

(4)     Such other relief determined appropriate by this Court.

Dated this 1st day of November, 2011.

Respectfully submitted,

**BY:** /s/ John G. Ghostbear
JOHN G. GHOSTBEAR, OBA #3335
8210 E. Regal Court, Suite 100
Tulsa, OK  74133
918-747-6351 – Telephone
918-747-6654 – Fax
ghostlaw@ghostlaw.net
ATTORNEY FOR PLAINTIFF, EASTERN
  SHAWNEE TRIBE OF OKLAHOMA

WILLIAM R. NORMAN, OBA #14919
KIRKE KICKINGBIRD, OBA #5003
HOBBS, STRAUS, DEAN & WALKER, LLP
101 Park Avenue, Suite 700
Oklahoma City, OK  73102
405-602-9425 – Telephone
405-602-9426 – Fax
wnorman@hobbsstraus.com
kkickingbird@hobbsstraus.com
OF COURSEL TO PLAINTIFF, EASTERN
  SHAWNEE TRIBE OF OKLAHOMA

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the above and foregoing was served this 1st day of November, 2011, via U.S. Mail postage prepaid, facsimile, or hand delivery, to the following:

| **Thomas Scott Woodward** | **Eric Holder, Attorney General** |
|---|---|
| United States Attorney<br>  for the Northern District of Oklahoma<br>110 W. 7th Street, Suite 300<br>Tulsa, OK  74119 | U.S. Department of Justice<br>Office of the Attorney General<br>Attn: Service of Process<br>950 Pennsylvania Avenue, NW<br>Room 4400<br>Washington, DC  20530-0001 |
| **Jeanette Hanna, Regional Director** | **Ken Salazar, Secretary of the Interior** |
| Eastern Regional Office<br>Bureau of Indian Affairs<br>3100 W. Peak Boulevard<br>Muskogee, OK  74401<br>  or<br>P.O. Box 8002<br>Muskogee, OK  74401-6201 | U.S. Department of the Interior<br>1849 C Street NW<br>Washington, DC  20240 |
| **Jon D. Douthitt, Magistrate Judge** | **Jon D. Douthitt** |
| Court of Indian Offenses, Miami Agency<br>Bureau of Indian Affairs<br>P.O. Box 391<br>Miami, OK  74355 | 22815 Woodridge Drive<br>Claremore, OK  74019-1810<br>  or<br>P.O. Box 835<br>Claremore, OK  74018 |

**BY:** /s/ John G. Ghostbear
JOHN G. GHOSTBEAR

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. EASTERN SHAWNEE TRIBE OF OKLAHOMA,<br>                        **Plaintiff,**<br>v.<br><br>1. JON D. DOUTHITT, Magistrate Judge of the Court of Indian Offenses, Miami, Oklahoma, in his Official and Individual Capacities; and<br>2. the COURT OF INDIAN OFFENSES FOR THE EASTERN SHAWNEE TRIBE OF OKLAHOMA<br>                        **Defendants,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. <u>11-CV-675-CVE-TLW</u> |

## COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF

Plaintiff Eastern Shawnee Tribe of Oklahoma, a federally recognized Indian tribe, complains of an actual controversy with Defendants Magistrate Judge Jon D. Douthitt and the Court of Indian Offenses for the Eastern Shawnee Tribe of Oklahoma over the interpretation and implementation of federal laws and regulations, and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1.     The Plaintiff is the Eastern Shawnee Tribe of Oklahoma ("**Eastern Shawnee Tribe**" or "**Tribe**"), a federally recognized Indian tribe.  75 Fed. Reg. 60810, 60811 (October 1, 2010).  The Eastern Shawnee Tribe, a sovereign under the protection of the laws, jurisdiction, and government of the United States of America, is governed by a constitution ("**EST Const.**" in citation, "**Tribe's Constitution**" or "**Constitution**" in text) originally adopted on March 2, 1999, pursuant to the tribe's inherent sovereign authority.[1]  **Exhibit A.**  The Tribe's headquarters are

---

[1] This 1994 Constitution supersedes and replaces a Constitution and Bylaws adopted by the Tribe in 1939.  <u>See</u> EST Const. Preamble.  Since its enactment, the Tribe's Constitution has been

located in West Seneca, Ottawa County, Oklahoma, on property held by the United States in trust for the Tribe.  The Eastern Shawnee Tribe, its offices and its property are within the service area of the Miami Agency and the Eastern Oklahoma Regional Office ("**EORO**") of the Bureau of Indian Affairs ("**BIA**"), United States Department of Interior ("**DOI**" or "**Interior**").  <u>See</u> http://www.bia.gov/WhoWeAre/RegionalOffices/EasternOklahoma/WeAre/Miami/index.htm.

2.      Defendant Jon D. Douthitt ("**Judge Douthitt**") is a Magistrate of the Court of Indian Offenses for the BIA EORO Miami Agency, which is located in Miami, Oklahoma. Judge Douthitt is being sued in his official and individual capacities.

3.      The Court of Indian Offenses for the BIA EORO Miami Agency is established and operated by the DOI pursuant to 5 U.S.C. § 301, 25 U.S.C. § 2, 25 U.S.C. § 9, 25 U.S.C. § 13, 25 U.S.C. § 200, and must operate in accordance with 25 C.F.R. Part 11.

4.      This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 to determine an actual controversy between the parties.  Because the plaintiff's cause of action arises under the laws and regulations of the United States, specifically 25 C.F.R. Part 11, this Court has original jurisdiction under the authority of 28 U.S.C. § 1331 (federal question), § 1346 (United States as defendant), and § 1362 (Indian tribe as plaintiff).

5.      Venue properly lies in the Northern District of Oklahoma under 28 U.S.C. § 1391(b)(2) because the a substantial part of the events giving rise to this claim occurred within this judicial district.

## FACTS

6.      Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1 through 5 of this Complaint.

---

amended once, in 1999, to clarify the grounds for recall of elected officials.  <u>See</u> EST Const. art. XIII, § 2(F) n.1.

7.      The United States Department of the Interior ("**DOI**" or "**Interior**") has established a system of Courts of Indian Offenses nationwide to provide judicial services to Indian tribes that have not established their own judicial systems.  The Courts of Indian Offenses were established by federal regulations set forth in 25 C.F.R. Part 11 (and, thus, are also known as "**CFR Courts**").  Interior has cited the following statutes as authority for the establishment of these courts, although none of these laws specifically authorize establishment of such courts:  5 U.S.C. § 301, 25 U.S.C. § 2, 25 U.S.C. § 9, 25 U.S.C. § 13, and 25 U.S.C. § 200.  See 25 C.F.R. Part 11, "Authority."

8.      The CFR Court of the Miami Agency acts as a tribal court for those Oklahoma tribes listed in 25 C.F.R. § 11.100(c) that are within the service area of the EORO Miami Agency, and exercises criminal jurisdiction and civil jurisdiction, subject to those limitations set forth in 25 C.F.R. §§ 11.106, 11.114, 11.116, and 11.118.

9.      The Eastern Shawnee Tribe is among the tribes served by the CFR Court of the Miami Agency.  25 C.F.R. § 11.100(c)(3).

10.     The Eastern Shawnee Tribe Court of Indian Offenses ("**EST CFR Court**") is designated in the Tribe's Constitution as the appropriate forum for disputes involving members of the Tribe, until such time as the Tribe creates its own Courts.  Exhibit A, EST Const. art. X.

11.     The Tribe's Constitution defines the jurisdiction of the EST CFR Court as such: "The jurisdiction of the Court of Indian Offenses shall include, but not be limited to, criminal and civil jurisdiction, including settlement of tribal disputes and interpretation of this Constitution and tribal enactments."  Exhibit A, EST Const. art. X, § 1.

12.     Nothing in the Tribe's Constitution waives the Tribe's sovereign immunity.

13.     The federal regulations that create and govern the CFR Courts expressly prohibit the CFR Courts from exercising jurisdiction over any suit against a tribe unless that tribe's governing body "explicitly waives" the tribe's sovereign immunity in the form of a resolution or ordinance.  25 C.F.R. § 118(d).

14.     This regulation is consistent with the requirement in federal case law that "a waiver of sovereign immunity cannot be implied but must be unequivocally expressed."  Native American Distrib. v. Seneca-Cayuga Tobacco Co., 546 F.3d 1288, 1293 (10th Cir. 2008) (quoting Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978)).

15.     The federal regulations that create and govern the CFR Courts also expressly prohibit the CFR Courts from adjudicating any election dispute or other internal tribal government dispute without clear authorization from the appropriate tribe in the form of a resolution, ordinance, or referendum.  25 C.F.R. § 11.118(b).

16.     The Tribe's Constitution, Article XIV, Section 1, authorizes popular participation by means of initiative and referendum, both of which have been used by the Tribe's members. Exhibit A.

17.     On June 14, 2008, the Tribe's voters, pursuant to Article XIV, Section 1, by a vote of 216 in favor and 156 opposed, approved an initiative ("**2008 Initiative**") that changed a long-established practice by barring the Tribe's elected officials from receiving compensation for work in any other tribal government position.[2]  **Exhibit B.**

18.     During the January 16, 2009, special meeting of the Eastern Shawnee Tribe Business Committee ("**Business Committee**"), the Secretary certified a petition, pursuant to

---

[2] The 2008 Initiative reads: "No elected official shall receive any compensation from the Eastern Shawnee Tribe of Oklahoma for services provided by said elected official in any capacity other than their elected office."

4

Article XIV, Section 2, calling for a referendum that would effectively overturn the 2008 Initiative.[3]  Accordingly, a referendum election was scheduled for March 21, 2009 ("**2009 Referendum**").

19.     In that March 21, 2009, referendum election, the Tribe's voters approved the 2009 Referendum by a vote of 332 in favor, 154 against, and the Tribe's Election Board certified the results of the 2009 Referendum.  **Exhibit C.**

20.     On or about May 7, 2009, Charles Enyart and six other individuals ("**Enyart Plaintiffs**"), all of whom are members of the Tribe, filed a complaint in the EST CFR Court, alleging procedural irregularities in the January 26, 2009, special meeting of the Business Committee, and asking the EST CFR Court to strike down the 2009 Referendum.  The complaint was titled Enyart v. Wallace.  **Exhibit D**.

21.     On or about May 7, 2009, Judge Douthitt, acting in his capacity as Magistrate Judge on the EST CFR Court, took jurisdiction over Enyart v. Wallace.

22.     Because the Tribe's legislative body is named as the defendant, the Enyart Plaintiffs' complaint is a suit against a tribe and is governed by 25 C.F.R. § 11.118(d). Therefore, the EST CFR Court cannot take jurisdiction over the complaint without an explicit waiver of tribal sovereign immunity in the form of a resolution or ordinance.

23.     The Tribe has never waived its sovereign immunity for purposes of this lawsuit. Neither Defendants, nor the Enyart Plaintiffs can point to any such waiver.

24.     Because it asks the EST CFR Court to adjudicate an election dispute, and because it asks the EST CFR Court to adjudicate an internal tribal government dispute, the Enyart

---

[3] The 2009 Referendum resolution reads: "Tribal employees who are tribal members and who are elected to a tribal office shall retain their employment, compensation and benefits with the Tribe while they serve in their elected positions."

Plaintiffs' complaint is governed by 25 C.F.R. § 11.118(b).  Therefore, the EST CFR Court

cannot take jurisdiction without authorization from the Tribe in the form of a resolution,

ordinance, or referendum.

25.     The Business Committee repeatedly argued in its defense that Judge Douthitt and

the EST CFR Court lacked jurisdiction under 25 C.F.R. § 11.118(d), because the Tribe had not

waived its sovereign immunity, and 25 C.F.R. § 11.118(b), because the Tribe had not authorized

the EST CFR Court to adjudicate election disputes or other internal tribal government disputes.

**Exhibit E**.  However, Judge Douthitt continued, and still continues, to exercise jurisdiction.

26.     On April 28, 2011, Defendant Judge Douthitt issued his "Order of the Court" in

Enyart v. Wallace, No. CIV-2009-M05. The order states that "[t]he Court has jurisdiction of the

parties and the subject-matter herein," without reference to 25 C.F.R. § 11.118(d) (sovereign

immunity) or 25 C.F.R. § 11.118(b) (election disputes and internal tribal government disputes),

and without citation to any resolution, ordinance, or referendum from the Eastern Shawnee Tribe

authorizing such jurisdiction.  **Exhibit F**.

27.     The April 28, 2011, Order, at 2, violates the Eastern Shawnee Tribe's sovereign

immunity, and violates 25 C.F.R. § 11.118(d), by ordering any Business Committee member

who is also employed by the Tribe to surrender either his Business Committee position or his

employment.  Exhibit F.

28.     The April 28, 2011, Order, at 2, violates the Eastern Shawnee Tribe's sovereign

immunity, and violates 25 C.F.R. § 11.118(d), by ordering Second Chief Jack Ross and

Treasurer Chris Samples[4] to pay sanctions in the amount of three-hundred-fifty dollars ($350). The Order contains no explanation of these sanctions.  Exhibit F.

29.     The April 28, 2011, Order, at 2, violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by ordering the Business Committee to pay the attorneys' fees of both the Enyart Plaintiffs and of Chief Glenna Wallace. Chief Wallace was a co-defendant in the lawsuit.  The order contains no explanation of this requirement.  Exhibit F.

30.     The April 28, 2011, Order, at 2, adjudicates an election dispute, in violation of 25 C.F.R. § 11.118(b), by declaring that the 2009 Referendum is null and void.  Exhibit F.

31.     On May 12, 2011, following the Eastern Shawnee Tribe's motion for rehearing, Defendant Judge Douthitt issued his "Court Minute" in Enyart v. Wallace, No. CIV-2009-M05. **Exhibit G.**  The order reaffirms Judge Douthitt's finding of jurisdiction without explanation.

32.     The May 12, 2011, Order violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by ordering the suspension of all compensation of any kind to Business Committee members Second Chief Jack Ross, Treasurer Chris Samples, and Member R.C. Kissee.  Exhibit G.

33.     The May 12, 2011, Order violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by "specifically empower[ing]" Chief Glenna Wallace to enforce the order suspending compensation of said Business Committee members. Exhibit G.

34.     On May 16, 2011, Defendant Judge Douthitt issued his "Amended Order" in Enyart v. Wallace, No. CIV-2009-M05.  **Exhibit H.**  The order reaffirms Judge Douthitt's finding of jurisdiction without explanation.

---

[4] Chris Samples resigned his position of Treasurer of the Eastern Shawnee Tribe on or about September 22, 2011.

35.     The May 16, 2011, Order violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by terminating the employment of any Business Committee member who holds a compensated or non-compensated position with the Tribe. Exhibit H.

36.      The May 16, 2011, Order violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by "specifically empower[ing]" Chief Glenna Wallace to enforce the order against said Business Committee members.  Exhibit H.

37.     On June 30, 2011, an appellate panel of the EST CFR Court stayed all three Orders issued by Judge Douthitt, and requested briefs and oral arguments on the appeal.  **Exhibit I**.  Oral arguments were made before the appellate panel on August 5, 2011.

38.     On September 13, 2011, the appellate panel issued its "Memorandum Opinion" in the case, which it had renamed Enyart v. Business Committee of the Eastern Shawnee Tribe of Oklahoma, No. CIV-11-M01P (hereinafter Enyart v. Business Committee).  **Exhibit J**.

39.     The September 13, 2011, Memorandum Opinion, at 3-7, affirmed Judge Douthitt's finding of jurisdiction, specifically 1) that a grant of jurisdiction is sufficient to serve as a waiver of tribal sovereign immunity; and 2) that the EST Constitution's grant of jurisdiction over "tribal disputes" encompasses "internal tribal government disputes" and is sufficient to meet the requirements of 25 C.F.R. § 11.118(b).  Exhibit J.

40.     The September 13, 2011, Memorandum Opinion, at 8, violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by effectively requiring that the Business Committee provide ten (10) days notice and provide a detailed agenda for special meetings, despite the fact that no such requirement appears in the Tribe's

Constitution, Article XVI, Section 5, which governs special meetings of the Business Committee.  Exhibit J.

41.      The September 13, 2011, Memorandum Opinion, at 9-10, violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by effectively requiring the Business Committee to count abstentions from Business Committee votes as "no" votes, disregarding standard rules of parliamentary procedure that abstentions count neither "yes" nor "no."  Exhibit J.

42.      The September 13, 2011, Memorandum Opinion, at 10-11, violates the Eastern Shawnee Tribe's sovereign immunity, and violates 25 C.F.R. § 11.118(d), by remanding certain questions to the EST CFR Court and Judge Douthitt, thereby extending Defendants' illegal exercise of jurisdiction over the Tribe.  Exhibit J.

43.      The September 13, 2011, Memorandum Opinion, at 8, adjudicates an election dispute, and violates 25 C.F.R. § 11.118(b), by declaring the 2009 Referendum null and void. Exhibit J.

### FIRST CAUSE OF ACTION
### DECLARATORY RELIEF
### SOVEREIGN IMMUNITY

44.      Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1-43 of this Complaint.

45.      An actual controversy exists between the parties regarding the assumption of jurisdiction by Defendants Judge Douthitt and the EST CFR Court, over whether the Eastern Shawnee Tribe has waived its sovereign immunity to this suit in accordance with 25 C.F.R. § 11.118(d).

46.     Defendants Judge Douthitt and the EST CFR Court acted outside the scope of their authority by exercising jurisdiction over a suit against the Eastern Shawnee Tribe to which the Tribe had not made an explicit waiver of sovereign immunity in the form of a resolution or ordinance, as required by 25 C.F.R. § 11.118(d).

47.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in the case of Enyart v. Wallace over the Eastern Shawnee Tribe, which has not waived its sovereign immunity from such a suit.  Therefore, Defendants' April 28, 2011, "Order of the Court" is null and void.

48.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in the case of Enyart v. Wallace over the Eastern Shawnee Tribe, which has not waived its sovereign immunity from such a suit.  Therefore, Defendants' May 12, 2011, "Court Minute" is null and void.

49.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in the case of Enyart v. Wallace over the Eastern Shawnee Tribe, which has not waived its sovereign immunity from such a suit.  Therefore, Defendants' April May 16, 2011, "Amended Order" is null and void.

50.     Federal regulations prohibit Defendant EST CFR Court appellate panel from exercising jurisdiction in the case of Enyart v. Business Committee over the Eastern Shawnee Tribe, which has not waived its sovereign immunity from such a suit.  Therefore, Defendants' September 13, 2011, "Memorandum Opinion" is null and void.

51.     Plaintiff Eastern Shawnee Tribe is entitled to a declaratory judgment that Defendants Judge Douthitt and the EST CFR Court lack jurisdiction over any suit against the

Tribe unless and until the Tribe explicitly waives its immunity to such suit by means of a resolution or ordinance, as required by 25 C.F.R. § 11.118(d).

## SECOND CAUSE OF ACTION
## INJUNCTIVE RELIEF
## SOVEREIGN IMMUNITY

52.     Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1-43 of this Complaint.

53.     On information and belief, absent injunctive relief from this Court, Defendants Judge Douthitt and the EST CFR Court intend to proceed with <u>Enyart v. Business Committee</u> as remanded by the EST CFR Court's appellate panel, in derogation of the Eastern Shawnee Tribe's sovereign immunity, and in violation of 25 C.F.R. § 11.118(d), causing irreparable harm to the Tribe.  Defendants' exercise of jurisdiction irreparably harms the Tribe by interfering with the Tribe's political affairs, and by invading and threatening to further degrade the Tribal fisc.

54.     Plaintiff Eastern Shawnee Tribe has no adequate remedy at law, because monetary damages against Defendants Judge Douthitt and the EST CFR Court would not cure the irreparable harm to the Tribe's sovereign authority and immunity, and because actions for such relief are precluded by judicial immunity.

55.     The requested injunctive relief merely requires the Defendants not to exceed the limits of their authority as proscribed by federal regulations.  Therefore, the harm that the Eastern Shawnee Tribe will suffer if this Court does not grant the requested injunctive relief outweighs any harm that Defendants Judge Douthitt and the EST CFR Court might suffer as a result of said injunctive relief.

56.     All three branches of the federal government have repeatedly affirmed that protection of tribal sovereign authority and tribal immunity are in the public interest.  Therefore, the injunctive relief requested by the Eastern Shawnee Tribe is not adverse to the public interest.

57.     Plaintiff Eastern Shawnee Tribe has a substantial likelihood of success on the merits against Defendants Judge Douthitt and the EST CFR Court.

**THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF**
**ADJUDICATION OF ELECTION DISPUTE or INTERNAL TRIBAL GOVERNMENT**
**DISPUTE IN DEROGATION OF 25 C.F.R. § 11.118(b)**

58.     Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1-43 of this Complaint.

59.     An actual controversy exists between the parties regarding the assumption of jurisdiction by Defendants Judge Douthitt and the EST CFR Court over this election dispute and internal tribal government dispute, without authorization from the Eastern Shawnee Tribe, in derogation of 25 C.F.R. § 11.118(b).

60.     Defendants Judge Douthitt and the EST CFR Court acted outside the scope of their authority by exercising jurisdiction over this election dispute and internal tribal government dispute without authorization from the Eastern Shawnee Tribe in the form of a resolution, ordinance, or referendum, in direct violation of 25 C.F.R. § 11.118(b).

61.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in Enyart v. Wallace over the Eastern Shawnee Tribe, which has not authorized its CFR Court to adjudicate election disputes or internal tribal government disputes. Therefore, Defendants' April 28, 2011, "Order of the Court" is null and void.

62.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in Enyart v. Wallace over the Eastern Shawnee Tribe, which has not

12

authorized its CFR Court to adjudicate election disputes or internal tribal government disputes. Therefore, Defendants' May 12, 2011, "Court Minute" is null and void.

63.     Federal regulations prohibit Defendants Judge Douthitt and the EST CFR Court from exercising jurisdiction in Enyart v. Wallace over the Eastern Shawnee Tribe, which has not authorized its CFR Court to adjudicate election disputes or internal tribal government disputes. Therefore, Defendants' May 16, 2011, "Amended Order" is null and void.

64.     Federal regulations prohibit Defendant EST CFR Court appellate panel from exercising jurisdiction in Enyart v. Business Committee over the Eastern Shawnee Tribe, which has not authorized its CFR Court to adjudicate election disputes or internal tribal government disputes.  Therefore, Defendants' September 13, 2011, "Memorandum Opinion" is null and void.

65.     Plaintiff Eastern Shawnee Tribe is entitled to a declaratory judgment that Defendants Judge Douthitt and the EST CFR Court are not in compliance with federal regulations and lack jurisdiction over any election dispute or internal tribal government dispute unless and until the Tribe authorizes such jurisdiction by means of a resolution, ordinance, or referendum, as required by 25 C.F.R. § 11.118(b).

**FOURTH CAUSE OF ACTION**
**INJUNCTIVE RELIEF**
**ADJUDICATION OF ELECTION DISPUTE or INTERNAL TRIBAL GOVERNMENT DISPUTE IN DEROGATION OF 25 C.F.R. § 11.118(b)**

66.     Plaintiff Eastern Shawnee Tribe adopts and realleges Paragraphs 1-43 of this Complaint.

67.     On information and belief, absent injunctive relief from this Court, Defendants Judge Douthitt and the EST CFR Court intend to proceed with Enyart v. Business Committee as remanded by the EST CFR Court's appellate panel.  Such action will result in continued judicial

interference with the sovereign governance of the Eastern Shawnee Tribe, in violation of 25

C.F.R. § 11.118(b).

68.     Plaintiff Eastern Shawnee Tribe has no adequate remedy at law, because

monetary damages against Defendants Judge Douthitt and the EST CFR Court would not cure

the irreparable harm to the Tribe's sovereign political authority, and because actions for such

relief are precluded by judicial immunity.  Defendants' exercise of jurisdiction irreparably harms

the Tribe by interfering with the Tribe's political affairs.

69.     The requested injunctive relief merely requires the Defendants not to exceed the

limits of their authority as proscribed by federal regulations.  Therefore, the harm that the

Eastern Shawnee Tribe will suffer if this Court does not grant the requested injunctive relief

outweighs any harm that Defendants Judge Douthitt and the EST CFR Court might suffer as a

result of said injunctive relief.

70.     All three branches of the federal government have repeatedly affirmed that

protection of tribal sovereign authority and tribal immunity are in the public interest.  Therefore,

the injunctive relief requested by the Eastern Shawnee Tribe is not adverse to the public interest.

71.     Plaintiff Eastern Shawnee Tribe has a substantial likelihood of success on the

merits against Defendants Judge Douthitt and the EST CFR Court.

WHEREFORE, plaintiff Eastern Shawnee Tribe prays for judgment in its favor, and

against Defendants Judge Douthitt and the EST CFR Court, as follows:

(1)     Declaratory judgment that Defendants the Eastern Shawnee Tribe Court of Indian

Offenses and Judge Douthitt have no jurisdiction over the complaint in Enyart v.

Wallace, renamed by the appellate panel Enyart v. Business Committee, because

the governing body of the Eastern Shawnee Tribe has not provided an explicit

waiver of tribal sovereign immunity in the form of a resolution or ordinance, as required by 25 C.F.R. § 11.118(d); and that all orders issued by Defendants Judge Douthitt and the Eastern Shawnee Tribe Court of Indian Offenses, including the Eastern Shawnee Tribe Court of Indian Appeals, regarding such matters are void.

(2)   Injunction prohibiting Defendants Judge Douthitt and the Eastern Shawnee Tribe Court of Indian Offenses, including appellate panels thereof, from exercising jurisdiction over Enyart v. Wallace, renamed by the appellate panel Enyart v. Business Committee, unless and until the Eastern Shawnee Tribe authorizes such jurisdiction by means of a resolution or ordinance, as required by 25 C.F.R. § 11.118(d).

(3)   Declaratory judgment that Defendants the Eastern Shawnee Tribe Court of Indian Offenses and Judge Douthitt have no jurisdiction over the election dispute and the internal tribal government dispute contained within the complaint in Enyart v. Wallace, renamed by the appellate panel Enyart v. Business Committee, because the Eastern Shawnee Tribe has not authorized such jurisdiction in the form of a resolution, ordinance, or referendum, as required by 25 C.F.R. § 11.118(b); and that all orders issued by Defendants Judge Douthitt and the Eastern Shawnee Tribe Court of Indian Offenses, including the Eastern Shawnee Tribe Court of Indian Appeals, regarding such matters are void.

(4)   Injunction prohibiting Defendants Judge Douthitt and the Eastern Shawnee Tribe Court of Indian Offenses, including appellate panels thereof, from exercising jurisdiction over the Eastern Shawnee Tribe Enyart v. Wallace, renamed by the appellate panel Enyart v. Business Committee, or any other election dispute or

internal tribal government dispute, unless and until the Tribe authorizes such

jurisdiction in the form of a resolution, ordinance, or referendum, as required by

25 C.F.R. § 11.118(b); and,

(4)   Such other relief determined appropriate by this Court.

Dated this 1st day of November, 2011.

Respectfully submitted,

**BY:** /s/ John G. Ghostbear
JOHN G. GHOSTBEAR, OBA #3335
8210 E. Regal Court, Suite 100
Tulsa, OK  74133
918-747-6351 – Telephone
918-747-6654 – Fax
ghostlaw@ghostlaw.net
ATTORNEY FOR PLAINTIFF, EASTERN
  SHAWNEE TRIBE OF OKLAHOMA

WILLIAM R. NORMAN, OBA #14919
KIRKE KICKINGBIRD, OBA #5003
HOBBS, STRAUS, DEAN & WALKER, LLP
101 Park Avenue, Suite 700
Oklahoma City, OK  73102
405-602-9425 – Telephone
405-602-9426 – Fax
wnorman@hobbsstraus.com
kkickingbird@hobbsstraus.com
OF COURSEL TO PLAINTIFF, EASTERN
  SHAWNEE TRIBE OF OKLAHOMA

16

## CERTIFICATE OF SERVICE

      I certify that a true and correct copy of the above and foregoing was served this 1st day of November, 2011, via U.S. Mail postage prepaid, facsimile, or hand delivery, to the following:

| | |
|---|---|
| **Thomas Scott Woodward**<br>United States Attorney<br>  for the Northern District of Oklahoma<br>110 W. 7th Street, Suite 300<br>Tulsa, OK  74119 | **Eric Holder, Attorney General**<br>U.S. Department of Justice<br>Office of the Attorney General<br>Attn: Service of Process<br>950 Pennsylvania Avenue, NW<br>Room 4400<br>Washington, DC  20530-0001 |
| **Jeanette Hanna, Regional Director**<br>Eastern Regional Office<br>Bureau of Indian Affairs<br>3100 W. Peak Boulevard<br>Muskogee, OK  74401<br>  or<br>P.O. Box 8002<br>Muskogee, OK  74401-6201 | **Ken Salazar, Secretary of the Interior**<br>U.S. Department of the Interior<br>1849 C Street NW<br>Washington, DC  20240 |
| **Jon D. Douthitt, Magistrate Judge**<br>Court of Indian Offenses, Miami Agency<br>Bureau of Indian Affairs<br>P.O. Box 391<br>Miami, OK  74355 | **Jon D. Douthitt**<br>22815 Woodridge Drive<br>Claremore, OK  74019-1810<br>  or<br>P.O. Box 835<br>Claremore, OK  74018 |

                                **BY:** /s/ John G. Ghostbear
                                 JOHN G. GHOSTBEAR